UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 29 2013
Clerk, U.S. District and
Bankruptcy Courts

JAMES ALLEN MORRIS,                )
                                   )
         Plaintiff,                )
                                   )
    v.                             )   Civil Action No. 13-1150
                                   )
SENTENCING COMMISSION, *et al.*,   )
                                   )
         Defendants.               )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

The plaintiff is a federal prisoner whose criminal history has been summarized as follows:

> On August 28, 2002, . . . James Allen Morris, was charged in a five-count Superseding Indictment in the Northern District of Mississippi. Pursuant to a written plea agreement, [he] pled guilty to two counts—Count One charging possession with the intent to distribute more than five grams of crack cocaine, a violation of 21 U.S.C. § 841(a)(1) and Count Four charging felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 5, 2003, the district court entered judgment and sentenced [him] to concurrent terms of 230 months imprisonment on Count One and 120 months on Count Four, five years of supervised release, and a $200.00 special assessment.

*Morris v. Outlaw*, No. 2:09-cv-0025, 2009 WL 2762461, at *1 (E.D. Ark. Aug. 26, 2009). Because the plaintiff's criminal "sentence was enhanced under the career offender 4B1.1a guideline," Mot. for Declaratory J. ¶ 1, he alleges that he is not eligible for a reduction of his sentence which otherwise would be available to him under 18 U.S.C. § 3582(c)(2), *see id.* ¶¶ 3-4;

Compl. at 2. The Court construes the complaint as a challenge to the legality of the plaintiff's criminal sentence. The plaintiff must present such a claim to the sentencing court in a motion under 28 U.S.C. § 2255. *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *see Morris*, 2009 WL 2762461, at *2 ("Inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court.").

Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added). The plaintiff's § 2255 motion is not properly before this district court. Accordingly, the Court will dismiss the complaint. An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: 7/22/13